UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW U.D. STRAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-03483-JMS-TAB |
| | ) | |
| INDIANA SUPREME COURT, | ) | |
| BRENDA RODEHEFFER, | ) | |
| G. MICHAEL WITTE, | ) | |
| LORETTA H. RUSH CHIEF JUSTICE OF | ) | |
| INDIANA, | ) | |
| JAMES ROBERT AHLER Hearing Officer, | ) | |
| LILIA G. JUDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Andrew Straw filed a Complaint in this Court against the Indiana Supreme Court and various affiliates (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the First Amendment to the United States Constitution. [Filing No. 1.] Mr. Straw is a licensed attorney in Indiana and currently has disciplinary proceedings pending against him before the Indiana Supreme Court. [Filing No. 1 at 2; Filing No. 1 at 27-28.] Mr. Straw has filed a Motion for Preliminary Injunction, asking this Court "to stop the Indiana Supreme Court from disciplining [him]." [Filing No. 2 at 4; *see also* Filing No. 8 (Minute Entry from telephonic conference with assigned Magistrate Judge where Mr. Straw "clarified that the relief he is seeking by way of his motion for preliminary injunction is an order preventing the Indiana Supreme Court from taking action on a disciplinary matter pending

against Plaintiff").] Defendants oppose the motion, [Filing No. 23], and Mr. Straw has filed his reply in support of his injunction request, [Filing No. 24; Filing No. 26-1].[1]

# I.
### PRELIMINARY INJUNCTION STANDARD

"To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011)). "If the moving party meets these threshold requirements, the district court 'must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied.'" *Stuller*, 695 F.3d at 678 (quoting *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). "The district court must also consider the public interest in granting or denying an injunction." *Stuller*, 695 F.3d at 678.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "Preliminary relief is properly sought only to avert irreparable harm to the moving party." *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 944 (7th Cir. 2006). Because the merits of the underlying litigation are not at issue at this stage, "'the reluctance to disturb the status quo prior to trial on the merits is an

---

[1] Mr. Straw filed his first reply brief on January 18, 2017, [Filing No. 24], one day after Defendants filed their response brief, [Filing No. 23], and well before his January 24, 2017 deadline, [Filing No. 8]. Later that same day, Mr. Straw moved for leave to file a supplemental reply brief to "provide a memorandum on several germane court cases," [Filing No. 26]. While the Court will grant Mr. Straw's request and consider his supplemental reply brief this time, [Filing No. 26-1], it will not grant requests to consider supplemental filings in the future. Mr. Straw should present any responses in one comprehensive filing.

expression of judicial humility . . . [that] enables the court to stay relatively neutral in the underlying legal dispute.'" *Id.* at 945-46 (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1012 (10th Cir. 2004)).

## II.
### DISCUSSION

Mr. Straw currently has disciplinary proceedings pending against him before the Indiana Supreme Court for alleged violations of Indiana Rule of Professional Conduct 3.1.[2] [Filing No. 1-22 at 1.] He asks this Court to issue a preliminary injunction "to stop the Indiana Supreme Court from disciplining [him]." [Filing No. 2 at 4.] Mr. Straw does not cite or analyze the legal factors necessary for obtaining an injunction. [Filing No. 2.] In response, Defendants contend that Mr. Straw has not shown a reasonable likelihood of success on the merits of his injunction request because this Court must abstain from exercising subject matter jurisdiction pursuant to the *Younger* abstention doctrine. [Filing No. 23 at 3-5 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).] In reply, Mr. Straw does not address the *Younger* abstention doctrine. [Filing No. 24; Filing No. 26-1.]

The *Younger* abstention doctrine "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger*, 401 U.S. at 37). "[P]rinciples of equity, comity, and federalism" are the foundation of the doctrine. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). *Younger* provides "that federal courts should abstain from interfering with ongoing state judicial proceedings that are judicial in nature, involve important state interests,

---

[2] Indiana Rule of Professional Conduct 3.1 provides, in relevant part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

3

provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would make abstention inappropriate." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016). Although *Younger* initially only applied to criminal proceedings, it has been extended to civil proceedings where there is "a federal suit filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *SKS*, 619 F.3d at 678. The United States Supreme Court has extended *Younger* to attorney discipline proceedings. *Id.* (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34 (1982)).

Defendants raised the *Younger* abstention doctrine in their response brief, [Filing No. 23 at 3-5], but Mr. Straw ignores it in both of his reply briefs, [Filing No. 24; Filing No. 26-1]. It is beyond dispute that the disciplinary proceeding currently pending against Mr. Straw before the Indiana Supreme Court is judicial in nature and implicates important state interests. *See Middlesex*, 457 U.S. at 434 (noting during the *Younger* analysis that the state overseeing the pending disciplinary action in that case "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses"); *see also* Appellate Case Search, Matter of Andrew U.D. Straw, Case No. 98S00-1601-DI-00012, *available at* https://public.courts.in.gov (last visited January 20, 2017). Mr. Straw does not dispute that he has

had an adequate opportunity to respond and raise federal claims in the disciplinary proceeding.[3] Mr. Straw also does not dispute that he has an avenue for subsequent judicial review if the Indiana Supreme Court actually rules against him in that proceeding. 28 U.S.C. § 1257; *see also Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (holding that "[s]ubsequent judicial review is a sufficient opportunity" to satisfy the requirement that the state proceeding allows an adequate opportunity to raise challenges). Finally, Mr. Straw does not argue that any special circumstances are present that would make this Court's abstention inappropriate, and the Court finds that there are none.

For these reasons, the Court agrees with Defendants that it must deny Mr. Straw's preliminary injunction request because *Younger* precludes his success on the merits to the extent he is asking this Court to intervene in the disciplinary proceedings pending against him before the Indiana Supreme Court.[4] But *Younger* also requires the Court to go one step further and abstain

---

[3] It appears that Mr. Straw initially responded to the proceeding "[u]nder [p]rotest," failed to appear at the final hearing despite having notice, and "refused to participate any further in the disciplinary proceeding." [Filing No. 1-22 at 1-2.] Mr. Straw's choice not to participate does not affect the Court's conclusion that he had an opportunity to do so. Moreover, it appears that Mr. Straw participated at least somewhat by continuing to file documents in the disciplinary proceeding after initially responding under protest. *See* Appellate Case Search, Matter of Andrew U.D. Straw, Case No. 98S00-1601-DI-00012, *available at* https://public.courts.in.gov (last visited January 20, 2017).

[4] Alternatively, even if *Younger* did not apply, the Anti-Injunction Act would bar this Court from issuing the injunction Mr. Straw seeks. The Anti-Injunction Act "limits the power of federal courts to enjoin state-court proceedings." *CFE Grp., LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 350 (7th Cir. 2015). Specifically, it provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. It is undisputed that Mr. Straw currently has proceedings pending against him in the Indiana Supreme Court and that he is asking this Court to enjoin those proceedings. [Filing No. 8.] Because there is no argument or evidence that any of the narrow exceptions apply, the Anti-Injunction Act requires this Court to deny Mr. Straw's injunction request. *See* 28 U.S.C. § 2283 (providing that a federal court "*may not* grant an injunction to stay proceedings in a State court") (emphasis added).

5

from exercising federal jurisdiction over Mr. Straw's claims regarding those disciplinary proceedings. *See Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) ("When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain."). Because the Court will not exercise jurisdiction over those claims, it must dismiss them. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) ("[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction."); *see also Brooks-Albrechtsen v. Individual Members of the Indiana State Bd. of Law Examiners*, 2017 WL 131737, at *7 (S.D. Ind. 2017) (dismissing claims without prejudice after concluding that it should abstain pursuant to *Younger* from interfering in an ongoing state proceeding before the Indiana Board of Law Examiners).

### III.
#### CONCLUSION

The Court **GRANTS** Mr. Straw's Motion for Leave to File a Supplemental Reply Brief, [Filing No. 26], although in the future he will have **only one chance** to submit any filing and supplements will not be allowed.

For the reasons stated herein, the Court **DENIES** Mr. Straw's Motion for Preliminary Injunction. [Filing No. 2.]

Because the Court has found that the *Younger* abstention doctrine applies, the Court **DISMISSES WITHOUT PREJUDICE** Mr. Straw's claims to the extent he asks this Court to intervene in or review the disciplinary proceedings currently pending against him before the Indiana Supreme Court. Given that halting those proceedings seems to be the thrust of Mr. Straw's action, as evidenced by his injunction request filed the same day as his Complaint, the Court **ORDERS** Mr. Straw to **SHOW CAUSE** by **February 3, 2017**, why final judgment should not enter and this case be closed. Defendants will have **ten days** from Mr. Straw's response to this

show cause order to file a response brief. Mr. Straw will have **seven days** from the date of that filing to file a reply brief. No additional filings will be allowed, and neither party will be allowed to amend or supplement the initial briefs filed.

Date: 1/23/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Andrew U. D. Straw
andrew@andrewstraw.com

Rebecca L. McClain
INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov