UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-03483-JMS-TAB |
| | ) |
| INDIANA SUPREME COURT, | ) |
| BRENDA RODEHEFFER, | ) |
| G. MICHAEL WITTE, | ) |
| LORETTA H. RUSH CHIEF JUSTICE OF | ) |
| INDIANA, | ) |
| JAMES ROBERT AHLER Hearing Officer, | ) |
| LILIA G. JUDSON, | ) |
| | ) |
| Defendants. | ) |

# ORDER

On January 23, 2017, this Court issued an Order denying Plaintiff Andrew U. D. Straw's Motion for Preliminary Injunction after finding that the *Younger* abstention doctrine applied to his request for this Court to intervene in disciplinary proceedings pending against him before the Indiana Supreme Court.[1] [Filing No. 28 at 5-6.] In that Order, the Court noted that Defendants raised the *Younger* abstention doctrine in response to Mr. Straw's preliminary injunction request but that Mr. Straw ignored *Younger* in both of the reply briefs he filed. [Filing No. 28 at 4.] After analyzing *Younger* and concluding that it applied to Mr. Straw's injunction request, the Court noted that "*Younger* also requires the Court to go one step further and abstain from exercising

---

[1] On February 14, 2017, Mr. Straw filed a Notice indicating that the Indiana Supreme Court issued a decision that day suspending him from the practice of law for 180 days without automatic reinstatement. [Filing No. 36; Filing No. 36-1.] As the Court noted in its previous Order, Mr. Straw has not disputed that he has an avenue for subsequent judicial review of the Indiana Supreme Court's decision in his disciplinary action, should he choose to pursue it. [Filing No. 28 at 5 (citing 28 U.S.C. § 1257).]

federal jurisdiction over Mr. Straw's claims regarding those disciplinary proceedings." [Filing No. 28 at 6.] Thus, the Court dismissed Mr. Straw's claims "to the extent he asks this Court to intervene in or review the disciplinary proceedings currently pending against him before the Indiana Supreme Court." [Filing No. 28 at 6.] The Court ordered Mr. Straw to show cause why final judgment should not enter "[g]iven that halting those [disciplinary] proceedings seems to be the thrust of Mr. Straw's action." [Filing No. 28 at 6.]

In response to the Court's show cause order, Mr. Straw now extensively argues that the *Younger* abstention doctrine does not apply. [Filing No. 29.] His arguments, however, are outside the scope of the Court's request for Mr. Straw to show cause why final judgment should not be entered in this case. Mr. Straw's arguments are instead akin to a motion to reconsider, but motions to reconsider "are not replays of the main event," *Dominguez v. Lynch*, 612 Fed. Appx. 388, 390 (7th Cir. 2015), and should not "serve as the occasion to tender new legal theories for the first time," *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Put another way, reconsideration "is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

As the Court previously noted, for whatever reason, Mr. Straw chose not to raise arguments regarding the application of the *Younger* abstention doctrine during briefing on his injunction request. [Filing No. 28 at 4 ("Defendants raised the *Younger* abstention doctrine in their response brief, [Filing No. 23 at 3-5], but Mr. Straw ignores it in both of his reply briefs, [Filing No. 24; Filing No. 26-1].").] Thus, the Court concludes that Mr. Straw has waived his newly raised *Younger* arguments. In any event, even after reviewing the merits of those arguments, the Court maintains that its application of *Younger* is appropriate for the reasons it previously set forth.

2

[Filing No. 28 at 3-6]; *see also* SKS & Assocs., Inc. v. Dart, 619 F.3d 674, 678 (7th Cir. 2010) (noting that *Younger* has been extended to civil proceedings where there is "a federal suit filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government") (citing Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432-34 (1982) (applying *Younger* to attorney disciplinary proceedings)).

To the extent that Mr. Straw argues that the Court should not enter final judgment because Defendants retaliated against him in violation of the Americans with Disabilities Act (the "ADA"), the Court agrees with Defendants that Mr. Straw is barred from bringing an ADA retaliation claim in this case by *res judicata*. [Filing No. 33 at 5-6.] Mr. Straw sued the Indiana Supreme Court and various affiliates for ADA retaliation in June 2015, specifically alleging that the same disciplinary complaint at issue in this action was filed against him in retaliation for asserting various ADA rights. [*See* 1:15-cv-01015-RLY-DKL, Dkt. 55 at 12.] But the Court granted a motion to dismiss that claim because "[t]he overarching problem with Plaintiff's ADA retaliation claim is this: the events giving rise to this claim – the Petition for Redress of Grievances and the disciplinary complaint – occurred in September 2014. Plaintiff was last employed with the [Indiana Supreme Court's Division of State Court Administration ("STAD")] in 2002. . . . It is simply not plausible that Ms. Rodeheffer[, the Director of Employment Law Services for STAD,] would retaliate against Plaintiff for attempting to file the Petition which covers incidents that occurred in 2002." [1:15-cv-01015-RLY-DKL, Dkt. 55 at 12-13.] Thus, Mr. Straw's ADA retaliation claim against the Indiana Supreme Court and its affiliates was dismissed. [1:15-cv-01015-RLY-DKL, Dkt. 55 at 13.] The Court agrees with Defendants that to the extent Mr. Straw

3

now attempts to pursue another ADA retaliation claim against the Indiana Supreme Court and its affiliates in this case, it is barred by *res judicata*. See *Arlin–Golf, LLC v. Vill. of Arlington Heights,* 631 F.3d 818, 821 (7th Cir. 2011) ("[R]es judicata . . . gives preclusive effect to a prior lawsuit if (1) a court of competent jurisdiction rendered a final judgment on the merits, (2) the new lawsuit involves the same 'cause of action' as the old, and (3) there is an identity of parties or their privies between the suits."). To the extent Mr. Straw tries to circumvent the prior ruling by arguing that his claims in the pending action are distinct because "[t]his ball is still rolling downhill from that case," [Filing No. 34 at 14], he relies exclusively on his allegations surrounding the disciplinary proceedings, and the Court has already concluded that it cannot intervene in those proceedings pursuant to *Younger*. For that same reason, Mr. Straw's Motion for Declaratory Judgment must also be denied. [Filing No. 37 at 3 (asking the Court to enter a declaratory judgment that the Indiana Supreme Court's disciplinary decision represents retaliation in violation of the ADA).]

For these reasons, the Court **DENIES** Mr. Straw's Motion for Declaratory Judgment, [Filing No. 37], and concludes that Mr. Straw has failed to show cause why the Court should not enter final judgment in favor of Defendants on his claims. Thus, final judgment shall enter accordingly.

Date: 2/16/2017

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Andrew U. D. Straw
andrew@andrewstraw.com

Rebecca L. McClain
INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov

4

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov